```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| WILLIAM G. CARTER, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|     v. | ) No. 4:10-CV-366-AGF |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
|       Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of William G. Carter for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

### The § 2254 petition

Petitioner, a resident at the Sex Offender Rehabilitation & Treatment Services ("SORTS") facility in Farmington, Missouri, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that his civil commitment under Missouri Revised Statute § 632.480 is prohibiting him from being detained at the Fulton State Hospital, where he would like to be transferred.

Upon review of the petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available

and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01; see also Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994) (prisoner may obtain state habeas corpus review of prison conditions that constitute cruel and unusual punishment; mandamus appropriate writ to compel prison officials to remove prisoner from administrative segregation). As such, petitioner has available procedures that he must exhaust.

Moreover, notwithstanding petitioner's failure to exhaust available state remedies, this Court may deny an application for a writ of habeas corpus on the merits. See 28 U.S.C. § 2254(b)(2). Petitioner's claim that his civil commitment under Missouri Revised Statute § 632.480 is prohibiting him from being detained at the Fulton State Hospital does not rise to the level of a constitutional deprivation and is legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. See Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution). Petitioner's confinement at SORTS comports with Missouri law;

2

Missouri Revised Statute § 632.489.1 specifically authorizes the transfer of a sexually violent predator "to an appropriate secure facility," even including a county jail. Petitioner is not constitutionally entitled to be transferred to a mental health facility of his choice.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue to respondent at this time, because petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction, and his claims are not cognizable under § 2254, given that they are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 26th day of April, 2010.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**